KELLI KATSIMBRAKIS,
    PLAINTIFF

VS.

ORTHOPEDICS, INC., a Florida for profit
Corporation,
    DEFENDANT.
_____

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, KELLI KATSIMBRAKIS (the "Plaintiff"), by and through her undersigned counsel, files this Complaint against her former employer, Defendant, ORTHOPEDICS, INC. (the "Defendant") for gender discrimination in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq. ("Civil Rights Act") and the Florida Civil Rights Act, Fla. Stat. § 760.10 et seq. ("FCRA"), and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action for declaratory, injunctive and equitable relief, back pay and front pay as well as compensatory and punitive damages, to redress the Defendant's unlawful employment practices, including its unlawful discrimination and termination of the Plaintiff's employment in violation of the Civil Rights Act and the FCRA.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action involves federal questions regarding the deprivation of the Plaintiff's rights under the Civil Rights Act.

3. The Court has supplemental jurisdiction over the Plaintiff's related claims arising under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this case because the alleged wrongdoing in this case occurred in Palm Beach County, Florida and because the Defendant resides in Palm Beach County, Florida.

5. The Defendant is a Florida for-profit corporation licensed to do business in the State of Florida with a principal place of business at 112 Villa Bella, Jupiter, Florida 33458 and has a Registered Agent identified as James H. Barr, 112 Villa Bella, Jupiter, Florida 33458.

6. The Defendant employed the Plaintiff in Palm Beach County, Florida and the Defendant failed to comply with its statutory obligations in Palm Beach County, Florida.

7. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") concerning this matter.

8. The Miami District Office of the EEOC investigated the matter and issued a Notice of Right to Sue dated January 14, 2020.

9. The Plaintiff has retained the law office of Kreiner Burns as legal counsel and is obligated to pay fees for the services rendered under the representation agreement.

**FACTUAL ALLEGATIONS**

10. The Plaintiff was employed by the Defendant from June of 2016 up through and including October of 2017.

11. Upon information and belief, the Defendant employs more than fifteen (15) employees.

12. Plaintiff was never given any warnings or negative feedback regarding her job performance.

13. Plaintiff satisfied the terms and conditions of her employment and received positive feedback.

14. In or around the month of September of 2017, Plaintiff decided that she wanted to have a child via in vitro fertilization.

15. Plaintiff confided this information in a coworker, Danielle Eisenhauer, who had also undergone in vitro fertilization.

16. On or about October 11, 2017, Plaintiff took a day off of work to do an egg retrieval procedure, which was requested ahead of time and approved by Defendant.

17. The October 11, 2017, egg retrieval procedure had complications leaving the plaintiff in a great deal of pain.

18. As a result, on or about October 12, 2017, Plaintiff called out from work because of the pain caused by the complications with the egg retrieval procedure.

19. On or about October 13, 2017, the Plaintiff returned to work.

20. On or about October 13, 2017, Plaintiff called Harry Barr ("Mr. Barr"), the owner of the Defendant, to discuss issues related to the normal operation of the business.

21. The Plaintiff entered Mr. Barr's office to speak with him and at that time Mr. Barr called in two (2) other employees of the Defendant, one of which was Danielle Eisenhauer. At that time, Mr. Barr advised the Plaintiff that she was being terminated.

22. When Plaintiff inquired as to why she was being terminated she was not provided an answer to her inquiry, but was told that she was able continue working long enough to train her replacement. Mr. Barr was knowingly evasive and did not provide any basis for terminating Plaintiff as anything stated was only a pretext for his discriminatory conduct.

23. Instead, Defendant terminated Plaintiff because of her gender, because she was perceived as potentially becoming pregnant, and because Plaintiff was regarded as having complications related to her potentially becoming pregnant.

24. The Defendant's conduct was a violation of the Civil Rights Act and FCRA.

25. The Defendant's unconscionable decision to terminate the Plaintiff had a catastrophic impact on the Plaintiff.

## COUNT I

## (DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT)

26. Plaintiff adopts and re-alleges Paragraphs 1-25 above as if fully set forth herein.

27. The Plaintiff was an employee of the Defendant and the Defendant was the Plaintiff's employer within the meaning of the Civil Rights Act.

28. Plaintiff is a woman who was in the process of attempting to become pregnant via in vitro fertilization while employed by the Defendant.

29. The Defendant knew or regarded or perceived the Plaintiff as being a woman.

30. The Plaintiff was qualified for her position.

31. An act of harm occurred in which the Plaintiff suffered an adverse employment action – her employment was terminated – because of her gender.

32. Others who were similarly situated were either treated more favorably or not subjected to the same or similar adverse treatment.

33. Plaintiff's position remained open and was eventually filled by persons with Plaintiff's qualifications.

34. The Plaintiff has suffered damages as a result of the unlawful and discriminatory termination of her employment.

## COUNT II

## (GENDER DISCRIMINATION IN VIOLATION OF THE FCRA)

35. The Plaintiff adopts and re-alleges Paragraphs 1-34 above as if fully set forth herein.

36. The Plaintiff was an employee of the Defendant and the Defendant was the Plaintiff's employer within the meaning of the FCRA.

37. The Plaintiff is a woman who was attempting to get pregnant while employed by the Defendant.

38. The Defendant knew or regarded or perceived the Plaintiff as being a woman.

39. The Plaintiff was qualified for her position.

40. The Plaintiff suffered an adverse employment action – her employment was terminated – because of her gender or because she was perceived or regarded as a woman.

41. Plaintiff has suffered damages as a result of the unlawful and discriminatory termination of her employment.

## REQUEST FOR JURY TRIAL/RELIEF

Plaintiff requests a jury trial on all issues so triable.

**WHEREFORE,** the Plaintiff prays for a judgment against the Defendant as follows:

1. For back pay, front pay, and compensatory damages under the Civil Rights Act and the FCRA;

2. For punitive damages under the Civil Rights Act and FCRA;

3. For non-economic damages (including pain and suffering) under the Civil Rights Act and FCRA

4. For pre-judgment interest;

5. For post-judgment interest;

6. For costs of suit, attorneys' fees and such other and further relief as this Court deems just and proper under the Civil Rights Act and FCRA.

Respectfully submitted,

**KREINER BURNS**
/s/ Seth Kreiner
Seth A. Kreiner, Esq
Kreiner Burns
950 Peninsula Corp. Cir., Suite 3001
Boca Raton, FL 33487
Tel: 561-901-8400
Florida Bar No.: 432040
seth@kreinerlawfirm.com

/s/ Alemayehu Kassahun
Alemayehu B. Kassahun, Esq
Of Counsel for Kreiner Burns
950 Peninsula Corp. Cir., Suite 3001
Boca Raton, FL 33487
Tel: 561-901-8400
Florida Bar No.: 44322
ak@tropiclegal.com